THORNTON, J.
This appeal involves a dispute as to which of two wills executed by the testatrix was entitled to probate. The first was executed on May 21,1963, with a codicil executed September 5, 1967. The second will was executed April 19, 1973.
The first will was duly admitted to probate on February 9, 1976, with Joe P. Price named as the personal representative.
The proponent of the 1973 will was Patricia Currie, who was a granddaughter of the testatrix. On May 28, 1976, Mrs. Currie petitioned to revoke the probate of the 1963 will and have the 1973 will declared to be decedent’s last will and testament. Following a trial on the merits the court concluded that the decedent lacked testamentary capacity at the time of the execution of the 1973 will and directed probate of the 1963 will and codicil.
Mrs. Currie appeals from this decree.
The sole issue presented for our consideration is the factual question of whether the decedent had testamentary capacity when the 1973 will was executed.[1]
The testimony of the witnesses for each side was in direct conflict on this issue. The attorney who drafted the will and was an attesting witness testified that on the two occasions he visited the decedent, including the day the will was signed, she had sufficient testamentary capacity. The proponent who was also present when the will was executed testified to the same effect. The other attesting witness, a registered nurse employed by the rest home where the decedent lived, testified that the decedent was not mentally competent to execute a will on April 19,1973. In fact, *[144] this witness testified that shortly after signing under a standard attestation clause she realized what she had signed and requested that her name be removed because she did not believe the decedent to be of a sound mind. She stated that she based her opinion upon her daily contact with the decedent who, the nurse testified, was frequently confused, disoriented and unaware of her surroundings. Further, the attesting nurse’s supervisor who saw decedent about three times a week also testified that the decedent was not competent to make a will on April 19. She also stated that on April 20 the decedent could not remember the events of the day before. The decedent’s doctor stated that the decedent suffered from advanced senile dementia which impaired her ability to think clearly, remember recent events, and take care of her day-today needs. He examined her on April 18 and found her completely unresponsive to questions he asked to determine her mental status. He felt that the decedent lacked testamentary capacity on April 18, the day before she signed the 1973 will.
The trial court concluded that the testimony of the decedent’s physician and the two nurses who were medical professionals was the most reliable. Their testimony formed the basis for his judgment that the decedent was not of a sound mind at the time of the execution of the 1973 will.
 In cases where the credibility of witnesses is a material issue, we place great reliance on the findings of the trial judge. Clauder v. Morser, 204 Or 378, 282 P2d 352 (1955); Walls v. Small, 26 Or App 105, 551 P2d 1310, Sup Ct review denied (1976). This case is no different, for we are squarely faced with conflicting testimony on the central issue of the decedent’s testamentary capacity. In addition, here the testimony is from trained medical personnel supporting the conclusion we reach. We find this testimony highly persuasive in leading us to the conclusion, as it did the trial *[145] court, that the decedent lacked testamentary capacity on April 19, 1973.
Affirmed.

The oft-stated standard of "sound-mindedness” as used in ORS 112.225 requires that a testator understand the nature of the act in which he is engaged, know the nature and extent of his property, know the natural objects of his bounty and be cognizant of the scope of the provisions of his will. Kastner v. Husband, 231 Or 133, 136, 372 P2d 520 (1962).